19   505
29   815

## BENJAMIN W. RIDDLE, PLAINTIFF IN ERROR, V. ARTHUR PERRY, DEFENDANT IN ERROR.

1. **Wager:** DEMAND FROM STAKEHOLDER. Where a wager is illegal either party may claim the money deposited by him, from the stakeholder, even after the wager is decided against such party, provided the demand is made before the money is actually paid to the winner.

2. ———. If the money was actually paid by the stakeholder to the winner before notice or demand of the loser he will be exonerated.

3. ———: CRIMINAL LAW. Section 214 of the criminal code does not apply to a mere stakeholder who has taken no part in the illegal transaction.

ERROR to the district court for Saunders county. Tried below before POST, J.

*N. H. Bell* and *L. C. Burr,* for plaintiff in error.

*S. H. Sornberger* and *J. R. Gilkerson,* for defendant in error.

MAXWELL, CH. J.

In November, 1884, the plaintiff brought an action against the defendant in the district court of Saunders county, the cause of action being stated in the petition as follows:

"Plaintiff placed in the hands of the defendant the sum of $200, which the defendant was to hold and pay to the winner of a certain horse-race, which was to be run by a horse owned by this defendant and one owned by one Chollette. That before the defendant had paid over the money to the winner, Chollette, the plaintiff demanded of the defendant that he, the defendant, return the money to plaintiff. That the defendant refused to pay the money to

the plaintiff, and this action is brought to recover the said sum of $200 and interest thereon from the 15th day of November, 1883, and costs of suit."

### ANSWER.

"Defendant admits that he received the money from the plaintiff, to be paid out as stated in the petition, but says that before demand had been made on him by the plaintiff that he had paid over the same to the man Chollette, as the winner of the race."

On the 20th day of May, 1885, the case came on for trial before the court and jury, who found, specially, that "the defendant paid the $200 to Courtier before the plaintiff demanded the same of. the defendant," and found generally for the defendant.

After the evidence was submitted, and the arguments made, the plaintiff asked the court to instruct the jury as follows:

"The court instructs the jury that if you find from the evidence and pleadings the plaintiff and one J. C. Courtier, together with the defendant, on or about the 15th day of November, 1883, made a bet of $200 each, upon the speed of certain horses, and the said plaintiff and the said Courtier deposited $200 each with the said defendant, and that certain persons were chosen to judge of said race, and report the result to the defendant, as stakeholder, and thereupon the money should go to the winner, and you find from the evidence and pleadings that in pursuance of such a bet, said race took place and said money was deposited with the defendant, and, as such stakeholder, defendant has paid said $200 of the plaintiff's money to the said Courtier, then, under section 214 of the criminal code of the statutes of Nebraska, and the law, the defendant is liable, and your verdict must be for the plaintiff in the sum of $200 and interest at the rate of 7 per cent from the 15th of November, 1883.

Riddle v. Perry.

" 3d. The jury are further instructed that if you find from the evidence that the defendant, knowing that the plaintiff did not wish to carry out said bet, and learning in any way that the plaintiff was doing all he could to prevent the defendant from delivering the said $200 to said Courtier, yet, notwithstanding such knowledge on the part of the defendant, the defendant by any trick or device (if any you find from the evidence) wrongfully delivered said money to the said Courtier, against the wishes and protest of the plaintiff, then you must find for the plaintiff in the sum of $200 and interest from the 15th day of November, 1883."

The court refused to give the above instructions, and the plaintiff at the time excepted to the ruling.

The court then charged the jury as follows:

" 1st. In this state all species of gambling, including bets, or wagers on races, are by law held to be immoral and void as against sound public policy.

" 2d. The defendant's liability for the money placed in his hands, depends upon whether or not he paid the said money over to Courtier after he had been notified by the plaintiff not to pay it to Courtier.

" 3d. If the defendant paid the money to Courtier after notice of the plaintiff not to pay it, he would be liable, otherwise he would not.

" 4th. If you find for the plaintiff his measure of damages will be $200 and 7 per cent interest from the time demand was made for said money.

" In addition to your general verdict you will answer the following question in writing :

" Did the defendant pay the $200 before plaintiff notified him not to pay it, or afterward ?"

The following instruction was given to the jury at the request of the plaintiff:

" 2d. You are further instructed that if you find from the evidence that the plaintiff demanded the $200 de-

posited by him, of the defendant, before the defendant paid it over to J. G. Courtier, or if the jury find from the evidence that said plaintiff had forbidden the defendant paying said $200 to said J. G. Courtier before he had paid the said money to him, and the defendant, notwithstanding said demand and such prohibition of the plaintiff, subsequent thereto and before the commencement of this action, paid said $200 to the said Courtier, then you must find for the plaintiff in the sum of $200 and interest from the 15th day of November, 1883."

Section 214 of the criminal code is as follows: "If any person shall play at any game whatever, for any sum of money or other property of any value, or shall make any bet or wager for any sum of money or other property of value, every such person shall be fined in any sum not exceeding one hundred dollars or be imprisoned in the county jail not more than three months; *Provided further*, That if any person shall lose any money or property of any value at any game whatsoever, or on any bet or wager, such person may recover the money or property so lost of either or all of the persons playing at the game at which said money or property was lost, or from the person or persons with whom said bet or wager was had."

It will be observed that this section does not apply to a mere stakeholder who has taken no part in the unlawful transaction at which the money was lost. The plaintiff must recover, if at all, therefore, under the common law. None of the evidence is preserved in the abstract, so that the only question that can be considered is, whether or not, under the issue, the court erred in giving and refusing the instructions above set out.

At common law, where the wager is illegal, either party may claim the money deposited by him from the stakeholder, even after the wager is decided against such party, if the demand is made before the money is actually paid over. If, however, the stakeholder has paid the money

·over to the winner before notice or demand upon him by the loser, he is exonerated and no action will lie against him by the loser to recover the same.   *Perkins v. Eaton,* ·3 N. H.,152.   *Howson v. Hancock,* 8 T. R., 575.   *McCallum v. Gouley,* 8 Johns., 147.   *Livingston v. Wootan,* 1 Nott ·& Mc., 178.   *Hale v. Sherwood,* 40 Conn., 332, S. C., 16 Am. R., 37.   *Davenport v. Davies,* 1 M. & W., 570.

As the special findings of the jury show that the money ·was paid before a demand was made by the loser he is not, therefore, entitled to recover, and there is no error in the instructions given and refused.   The judgment is affirmed.

                              JUDGMENT AFFIRMED.

COBB, J., concurs.

REESE, J., having been of counsel below, took no part in the decision.