Ward v. Holliday.

---

FRANK WARD ET AL., APPELLEES, v. C. T. HOLLIDAY, APPELLANT.

FILED OCTOBER 7, 1910. No. 16,090.

1. Gaming: RECOVERY OF. WAGER: DEMAND. "Money wagered on the result of a horse race may be recovered from the stakeholder by the party depositing the same, if, before the stake is paid over to the winner, a demand has been made upon the stakeholder for its return." *Deaver v. Bennett,* 29 Neb. 812.

2. **Appeal:** Harmless Error. On appeal, an error or defect in the pleadings or proceedings, when not prejudicial to appellant, is not a ground of reversal. Code, sec. 145.

Appeal from the district court for Custer county: Bruno O. Hostetler, Judge. *Affirmed.*

*Sullivan & Squires,* for appellant.

*Silas A. Holcomb* and *A. P. Johnson, contra.*

Rose, J.

Plaintiffs bet $500 on a horse race, deposited the money with defendant as a stakeholder, and lost. Before the deposit was turned over to the winner, defendant was notified to return it to plaintiffs. He refused to do so, and they jointly sued him to recover the sum stated. From a judgment in their favor for the full amount of their claim defendant has appealed.

As a ground of reversal defendant asserts that each of plaintiffs deposited with him a separate sum, and that consequently he is not answerable to them jointly. If the technical rules of pleading and practice required each plaintiff to bring a separate action against defendant, as argued by him, and gave him the privilege of defending two suits instead of one, still he is not entitled to a reversal unless he was prejudiced. Section 145 of the code declares: "The court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." Within the meaning of this statute, was defendant prejudiced by being required to answer to plaintiffs jointly? As stakeholder he had in his hands $500 belonging to them. The evidence justifies a finding that before he turned the money over to the winner they made a demand upon him for its return. He was liable for the amount received from

each depositor. *Riddle v. Perry,* 19 Neb. 505; *Deaver v. Bennett,* 29 Neb. 812. Under the evidence he has no valid defense to the demand of either plaintiff. Plaintiffs sued him jointly, alleging the money was jointly contributed by them. There is evidence to sustain the allegation. The money did not belong to defendant, and the winner had no legal claim upon it. The judgment in favor of plaintiffs will protect defendant in returning the amount of their deposit. If there was any error or defect in the pleadings or proceedings, a question not decided, it is clear, therefore, that defendant was in nowise prejudiced. The judgment is

AFFIRMED.