Oakley, J.
This was an action of assumpsit, to recover money deposited in the hands of the defendant as a stakeholder on a trotting match, made by the plaintiff with one Lane. Lane claimed to be the winner, on the decision of the match. The declaration was in the common form, plea non-assumpsit. The principal question in the case is, whether the action can be sustained at all, in its present form.
By the first section of the act to prevent horse-racing, [1 R. L. 222.] all racing or trotting of horses, for any bet, is declared to be a common and public nuisance, and an offence against the state; and all parties concerned therein are rendered liable to punishment, by fine and imprisonment. And by the 5th section of the act, all contracts made for, or on account of, any sum of money staked, or depending on any race or concerning the same, are declared to be void in law.
By the operation of this statute, the wager, in the present case, was not only illegal, but the act of trotting the match, on the result of which it depended, was a crime: and the first inquiry is, whether any action can be sustained, by the common law, for any cause growing out of such a transaction.
In the case of Yates v. Foote, 12 John. R. 1. in the Court of Errors, it was decided, that where money is deposited with a stakeholder on an illegal wager, no action lies, after the event has happened, by the loser, to recover back the deposit. The general principle ef that case is, that when men will engage in a known violation of the law, the law will leave them in the situation in which they have placed themselves, and cannot be invoked to the aid of either party. This principle is fully applicable to the present case. The *305 trotting match being both illegal and criminal, no right of action by one party against another, can arise out of any thing connected with it. A man ought never to be permitted to come into court, averring his own criminality, and then call on the law to restore him that, which he has voluntarily parted with in the very act of violating the law, and committing the crime. In the case of Egerton v. Furzeman, [1 Car. & Pay. 613.,] an action was brought to recover money staked upon a dog fight. C. J. Abbo^ ordered the cause to be struck out of the paper, and refused to try it; saying that he thought the time of the court was not to be wasted, in trying which dog or which man won a battle. It cannot in the eye of the law be considered a more dignified employment, tobe trying which horse won a race.
I am satisfied that this action cannot be sustained by the principles of the common law, as established by authority in this state. It remains to be seen, whether there is any thing in the statute above alluded to, which can uphold it.
By the 5th section of the act, it is provided, that any person, who may have paid any money, upon the issue or event of any race, may recover the same in like manner as is provided in the “ second and third section of the act entitled an act to prevent “ excessive and deceitful gaming.” By the second section of the last mentioned act, [1 R. L. 153.,] any person losing at any game, any sum above $25, and paying the same, may at any time, within three months, recover it back of the winner, by an action of debt, founded on the act. And in in such action, the plaintiff may allege in his declaration, that the defendant is indebted to him, in the sum so lost and paid, “ for so much money “ had and received by said defendant, to the plaintiff’s use ; with- “ out setting forth the special matter.”
It has been adjudged, by the Supreme Court. [7 Cowen. 496.] That under the 5th section of the “Act to prevent horse racing,” an action lies by the loser against the stake-holder. The court say “ the 5th section, declares the wager void, and gives a remedy against “ the party to recover it back. The action lying against the “ party, a fortiori, does it lie against the agentP The stakeholder and the winner, are, by the effect of this decision, placed on the *306 same footing. The remedy given by the act is equally available both.
jt |g contended by the defendant in the present case, that, ifliato the action at all, it can only be sustained against him in the form, and under the restrictions and limitations prescribed by the statute. I think the position a true one.
In Hayward v. Sheldon, [13 John. R. 88.] an action was brought to recover back a wager on the event of a horse race. The plaintiff declared in the general form provided by the 2d section of the “ Act to prevent excessive and deceitful gamingand the court said, that it was “ the correct and only manner of proceeding to “ authorize a recovery.” Indeed it does not seem to require any-reasoning or authority to show, that if no action in such a case can be sustained without the aid of the statute, the form prescribed by the statute must be observed. And such appears to have been the practice, as far as can be gathered from the cases on the subject, which have been reported. In Hayward v. Sheldon, [13 John. R. 88.] and in Allen v. Ehle, [7 Cowen. 496.] the action was debt. The declaration was in the general form, for money had and received; but such form is expressly given by the statute. [Collins v. Ragrew, 15 John R. 5.] In Simmonds v. Borland, [10 John, R. 468. ] it does not appear what was the form of the action. It was commenced in a Justice’s Court, and for aught that is contained in the report of the case, may have been an action of debt. There is no case, it is believed, in which an action under the statute has been tried on an issue of non assumpsit.
If, however, it should be doubted, whether the form of the action prescribed by the act against gaming, applies to the case of the stake-holder, it, by no means follows that assumpsit can be maintained, though a general right of recovery may be given against the stake-holder by the fifth section of the act against horse racing. The general rule appears to be, that when an action is founded upon a statute, the declaration must state specially the cause of action arising under the statute, unless a particular form of declaring is given by it. [Cole v. Smith, 4 John. R. 194.] If, then, in the present case, the plaintiff was not bound to pursue *307 the form pointed out against the winner, he should have stated his case specially. His general action of assumpsit cannot be tainecL
The plaintiff then, ought to have been non-suited on the trial. ’ ° But the Judge reserved any decision of the motion to non-suit, and permitted the defendant to show that he had paid the money over to the winner; sad he obtained a verdict on that ground. I am satisfied, on reflection, that such a defence ought not to have been permitted. The stake-holder, by the statute, is placed in pari delicio with the betters •„ they are all equally criminal. The stake-holder, if be pays the money over, does it in furtherance of an illegal and criminal purpose. It is not like the case of a merely illegal wager, where the law attaches no illegality to the act of holding the stake. And in this light the Supreme Court seem to have viewed it, in Simmons v. Borland. Judgment cannot, therefore, be given for the defendant on this verdict; bat a judgment of non-suit may be ordered to be entered, the Judge at the trial having reserved the decision of the motion for that purpose. It would be useless to grant a new trial, as the plaintiff cannot be permitted to recover in the present form of action.

Judgment of non-suit

[D. Graham, Jr., Att'y for the plff. J. R. Whiting, Att'y for the deft.)