SAMUEL W. WHITWELL, plaintiff in error, *vs.* PHILANDER L. CARTER, defendant in error.

If the loser of money, deposited upon an unlawful wager, claim his money before it has been actually paid over by the holder, even though it be after the wager has been decided, the stakeholder is bound to return it to him; and, if he refuse, the loser has an action for money had and received, against him.

Error to Jackson Circuit.

This was an action for money had and received, tried in the Jackson Circuit before a jury, and comes here on bill of exceptions. The plaintiff, Carter, proved substantially, that in May, 1855, one Vaughn, as agent for him, made a bet with D. B. Hibbard of $200 cash, and deposited the money with the defendant below, Whitwell, as stakeholder, on the following conditions: Hibbard bet that he, or some one to be employed by him, could trot a pair of his stage horses from the American Hotel, in Jackson, to the hotel in the village of Manchester, in one hour and forty-five minutes, and the horses should be so trotted within ten days; and said Carter bet that said horses could not be so trotted, from Jackson to Manchester, in one hour and forty-five minutes. It was agreed that John Dwight should be the judge, as to whether said distance was trotted in the time, and whether it was fairly done, and should report the result to the stakeholders, and thereupon the money should be paid to the winner. The witness Vaughn testified that he understood the horses were to be trotted through but once in the ten days; Hibbard drove through twice in the ten days, and took Dwight with him both times; on the first trial he did not go through in one hour and forty-five minutes, but upon the second trial he did;

and said Dwight reported the result of both trials to the stake-holder. The plaintiff below, Carter, demanded the money, as winner, of the defendant, Whitwell, but he, Whitwell, refused to pay it to him, alleging that he had not won it. Then subsequently, and before the money had been paid over, he gave Whitwell notice that he should hold him responsible for his $200. Whitwell paid the money to Hibbard, as winner. The plaintiff rested.

The defendant gave in evidence, by Edward Higby, that the witness was present at the making of the bet, and made a written memorandum of it, which he still had; that the bet was in substance: That if Hibbard trotted a span of his stage horses from the hotel in Jackson to the hotel in Manchester, in one hour and forty-five minutes, any time within ten days, he was to have the money; and the defendant was to hold the money, and pay it to the winner. The evidence being closed, the Circuit Judge was requested to charge the jury that, the parties being *in pari delicto*, the plaintiff could not, in any event, recover of the defendant, he being stakeholder. He refused so to charge, and charged them as follows:

That, if they should find from the evidence that the plaintiff had demanded the $200, deposited by him, of the defendant, before the defendant had actually paid it over to Hibbard, or that the plaintiff had forbid the defendant paying the said $200 to Hibbard before he had actually paid it to him, and the defendant did, subsequently to such demand or prohibition, and before the commencement of the suit, pay the same to Hibbard, the plaintiff was entitled to recover the said $200 in this action.

To this charge the defendant excepted, and errors are assigned upon it.

*A. Blair*, for plaintiff in error.

*Livermore & Wood*, for defendant in error.

S. W. Whitwell, plaintiff in error, *vs.* Philander L. Carter, defendant in error.

By the Court, DOUGLASS, J.

The statute makes the running, trotting and pacing of horses a misdemeanor, and all persons concerned therein punishable by fine and imprisonment (*Rev. Stat., Ch.* 40, § 1); and also provides, that the owner of a horse, used by his permission or privity, in racing contrary to law, shall forfeit the value of the horse; and every person laying a bet or wager upon the event of an illegal race, shall forfeit the amount of the bet or wager so made. (*Ib.,* § 4.)

The bet between the parties in this case was, therefore, criminal and illegal.

We do not think it necessary to decide whether Section 9, of Chapter 192, of The Revised Statutes, giving to the loser on such betting as is therein mentioned, a right to recover back his bet from the winner where it has been paid to him, applies to a bet on a horse race, or whether, if it does, it would give an action against the stakeholder in a case like this. For, we are all clearly of the opinion, that at the common law, and independently of any statute, if the loser, as was done in this case, claim money he has deposited on an illegal wager, before it has been actually paid over, though it be after the wager has been decided, the stakeholder is bound to return it to him; and if he refuse to do so, the loser may maintain an action for money had and received against him, to recover it. This is the well-settled law in England. (*Cotton* vs. *Thurland,* 5 *T. R.,* 405; *Lacaussade* vs. *White,* 7 *Ib.,* 531; *Bakeman* vs. *Cartwright,* 7 *Price,* 540; *Hastelow* vs. *Jackson,* 8 *Barn. & Cress.,* 221; *Robinson* vs. *Mearns,* 6 *Dow. & Ry.,* 26; *Hodson* vs. *Terrill,* 1 *Cr. & Mees.,* 797; *Mearing & Hellings,* 14 *Mees. & Welsb.,* 711.) So it is the law in Pennsylvania (*McAlister* vs. *Hoffman,* 16 *Serg. & R.,* 147; *Conklin* vs. *Conway,* 18 *Penn.,* [6 *Harr.*] *R.* 329); in New Hampshire (*Perkins* vs. *Eaton,* 3 *N. H.,* 152; *Hoit* vs. *Hodge,* 6 *Ib.,* 104); in Maine (*Stacey* vs.

*Foss*, 19 *Maine R.*, 335); in Connecticut (*Wheeler* vs. *Spencer*, 15 *Conn. R.*, 28); in Alabama (*Wood* vs. *Duncan*, 9 *Port.*, 227 ; *Scheckleford* vs. *Ward*, 3 *Ala.*, 37); and in Arkansas (*Jeffrey* vs. *Ficklin*, 3 *Pike*, 227.) It is also probably the rule in New Jersey. (*Moore* vs. *Tripp*, 1 *Spen.*, 263.) Such seems to have been the uniform course of decisions for the last fifty years, everywhere except in New York. The Supreme Court of that State, in the case of Vischer *vs.* Yates (12 *J. R.*, 23), held the same doctrine in a very elaborate opinion given by Chancellor Kent ; but that decision was reversed by the Court of Errors, six Senators dissenting, in Yates *vs.* Foote, 12 J. R., 1. The Legislature interfered, and passed an Act which went beyond the common law rule, and allowed the loser to recover back his money, not merely from the stakeholder, but also from the winner, when it had been paid to him. Since then, the question has been of but little practical importance in that State ; but the decision of the Court of Errors seems to have been recognized as the law of that State, in McKeon *vs.* Caherty, 1 Hall, 305 S. C. (3 *Wend.* 495); and in Fowler *vs.* Surdam, (4 *Denio*, 557.) Although, as the cases above cited from the other States show, it has been repudiated everywhere else ; and we think ought not to be followed here. We regard the question as too well settled upon authority, to require us to discuss it upon principle. (*See* 2 *Pars. on Cont.*, 136; 2 *Smith's Lead. Ca.*, 171; *Broom's Leg. Max.*, 459.)

Judgment below affirmed.

Present, GREEN, MARTIN, WING, COPELAND, DOUGLASS, J. J.

JOHNSON, J., having decided the cause below, did not participate.