38   379
25a 559

# THOMAS NEWLAN

*v.*

# FREDERICK SHAFER.

1. CONTRACTS—*what constitutes a valid promise.* The payee of an order, payable in liquors, presented it to the drawee and obtained the liquors upon it, but becoming dissatisfied with the quality of the liquors he returned them to the drawee. The drawer then told the payee if he would get the order back from the drawee he would pay him the money upon it. The payee obtained the order from the drawee, and the drawer then refused to pay. *Held,* the obtaining of the order and the release of the drawee formed a sufficient consideration to support the promise of the drawer, and render him liable upon it.

2. INTEREST—*when recoverable for delay in payment.* The promise, in the case mentioned, was made in September, 1861, suit was instituted upon it in October following, and judgment rendered against the promissor 28th December, 1864. It was held the delay in payment was such as warranted the allowance of interest on the claim.

APPEAL from the Court of Common Pleas of the City of Aurora; the Hon. RICHARD G. MONTONY, Judge, presiding.

In the year 1861, Thomas Newlan gave to Frederick Shafer an order on H. Buchanan & Co., of Chicago, for the sum of $100, payable in liquors, for which order Shafer gave Newlan a horse, and his note for $20. Shortly thereafter, Shafer presented the order to Buchanan & Co., who accepted it, and delivered the liquors upon it to Shafer, who soon became dissatisfied with their quality, and returned them to Buchanan & Co. Afterwards, Newlan told Shafer that if he would get the order back from Buchanan & Co., he would pay him the money upon it. Shafer obtained the order, and upon presenting it to Newlan he refused to pay it. Shafer thereupon brought an action of assumpsit in the court below, against Newlan to recover upon his promise to pay the order. A trial resulted in a judgment in favor of the plaintiff for $119, the

court allowing interest upon the claim on account of the delay in its payment. That delay is shown by the following dates: the order was given 22d August, 1861; the promise to pay it was made in September following; this suit was instituted 10th of October, 1861, and on the 25th of the same month the defendant pleaded the general issue. On the 20th June, 1863, the plaintiff amended his declaration, and on the 1st of September following the defendant again filed the plea of the general issue, and also a plea of want of consideration. On the 2d of June, 1864, the plaintiff filed his replication, and on the 30th of the same month the parties, by agreement, submitted the cause to the court for trial, when, after a part of the evidence was heard, the parties agreed that the trial should be concluded in vacation, and judgment to be entered by the 1st of August, as of the preceding term. On the 18th of October, 1864, the defendant moved to set aside that order of trial. On the 28th day of December following, the court rendered the judgment for the plaintiff.

The defendant brings the case to this court by appeal, and insists

I. The court erred in rendering a judgment against the appellant on the evidence.

II. The court erred in allowing interest on the plaintiff's claim.

Messrs. WAGNER and CANFIELD, for the appellant.

Mr. CHARLES J. METZNER, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant gave to appellee an order on one Buchanan, a liquor dealer in Chicago, for one hundred dollars' worth of liquors. That appellee gave for the order, a horse and his note for twenty dollars, which seems to have been transferred and subsequently paid. Appellee presented the

order and obtained liquors, but being dissatisfied with their quality and regarding them worthless, he returned them to Buchanan, who returned the order to appellee, who offered to return it to appellant, but he refused to receive it or restore the property and money to appellee. He claims that in procuring the return of the order from Buchanan, he acted under the direction of appellant, who promised if appellee would procure its return he would pay the money to appellee. And we think the evidence warrants the conclusion that such a promise was made.

Johnson testified that appellant said to him, whilst he was in charge of appellee's business, if he would obtain the return of the order he would make it all right. And that he communicated the proposition to appellee, before it was returned to him by Buchanan. Munson testified that appellant told appellee that "if he would get the order back he would put them through." This witness also testified, that appellant stated to appellee after the liquors had been returned to Chicago, that if appellee would get the order back he would make them do what was right. Stowell testified, that appellee said to appellant, "you said if I would get the order back you would make it all right. Then I went into Chicago and got the order back and you would not take it, and now you won't give me the horse, or pay me for the order." Which was not denied by appellant. This evidence, when all considered together, is abundantly sufficient to justify the finding of the court below.

It may be, and no doubt is true, that appellant was not bound to take the order back on appellee's failing to get such liquors as he desired, as there was no protest or refusal to pay by Buchanan. That was a matter between appellee and Buchanan. If the latter imposed upon the former he had his remedy against Buchanan, but appellant, by inducing appellee to procure a return of the order, rendered himself liable to pay it, according to his promise. The obtaining of the order, and the release of Buchanan, clearly formed a consideration to support the promise, and render appellant liable.

There was such a delay in the payment of the money as warranted the court below in allowing interest on the claim. We perceive no error in the record, and the judgment of the court below must therefore be affirmed.

*Judgment affirmed.*