Cardozo, J.
It is impossible to say positively, upon the complaint, as drawn, whether the plaintiff bases his complaint upon § 9 or § 14 of the statute against betting and gaming (2 Rev. Stat. 4th ed., 72).
*446 The counsel for the respondent says in his points':—“ The dis- “ tinction between §§ 8 and 9 and 14 is, that where a person “ bets on a race or on a game, which is exclusively a game of “ lot or chance, or in other words, plays the game, and the other “ party only bets, such betting is within sections 8 and 9. Of .“this class are ‘faro,’ ‘roulette,’ and ‘.three-carded monte,” “ whereas the games contemplated' by .§ 14 are not games exclu- “ sively of lot or chance, but games in which the result is at* “ tained to a certain extent by skill, and at which there are “ several hands or sides.” Assuming, without, however, deciding this to be a correct exposition of the statute, I think that if the plaintiff meant that the money was lost by betting on games of “ faro,” and that that, game is purely one of a character at which but one person plays, the complaint should contain averments plainly showing that to be the state of facts, and failing to do so, may well be required to be made more definite and. certain.
I am obiged to confess that I do not know that “ fa.ro ” is exclusively a game of chance, or that but one person plays at it, and I see nothing in the present complaint which informs me that such is the fact. It is alleged that the “ bets uTere made to “ depend on a game of lot or chance,” but that would be equally true, whether the game was exclusively a game of lot, or partook of a mixed character of chance and skill. ETor does the . averment that “ the game of lot or chance was under the man- “ agement or direction of the defendant ” convey to my mind anything more than that the pleader meant to say that the defendant .was the.proprietor or manager of the establishment. It is not too much to require the plaintiff, who declares himself a violator of the law, and of honor too, to make his complaint in clear and unmistakable language, and to use such distinct and accurate expressions, that the court can understand upon which section of the statute the plaintiff rests his demand ; and 1 do not feel any disposition to relax the strict rules of pleading in favor of such a person and such a claim. ETo argument that the action is brought under section 9 can be drawn from the averment that the money lost was “ paid and delivered ” to the defendant, because those words are used in both sections 9 and 14 of the statute, and manifestly would be applicable to any complaint in which the plaintiff meant to allege that he had paid the amount of the bets he had lost.
*447 Tliat it cannot be clearly and certainly understood what cause of action,—that is, whether arising under § 9, or under § 14,—the plaintiff has set up in his complaint, is a sufficient reason for requiring the pleading to be made more definite and certain.
» Moreover*, as the pleading is to be taken most strongly against the plaintiff who, by proper averments, could have made it clear, I think enough has been said to show that the defendant might treat this complaint as bemg framed under § 14; and if this be so, it is clear that there is in each subdivision or count more than one cause of action. Each time or sitting at which a loss occurred formed a separate cause of action, and it is obvious that each count of this complaint refers to at least two times or sittings. The causes of action belong to the same general class, and therefore may be joined in one complaint, but they must be separately stated (Code, § 167).
And this is especially proper here, because if at any sitting, the loss does not amount to twenty-five dollars, there could be no action maintained for the amount lost at that sitting. So if the actions were not brought within three months, after the payment there could be no recovery. It is plain, then, that the defendant might have defences to some of the causes of action which he could not plead as to the others, and as the defendant is not to be permitted to answer a bill of particulars, it seems to me that unless the complaint be drawn properly, he may be unable to avail himself of all the defences to every part of the claim to which he may be entitled. At all events it would be throwing upon the defendant the burthen of separating in his answer the supposed causes of action, and making his defences to each according to circumstances, unless,—which we cannot know,—he has to each of the claims the same defences. I do not think that that should be done. It would be to shift from the plaintiff to the defendant the burthen of making a good pleading,,which, in the first instance, rests on the former.
In any view, therefore, of the complaint, I think the defendant properly moved to make it more definite and certain (Clark v. Farley, 3 Duer, 645 ; Harsen v. Bayard, 5 Id., 656).
The statute cited by the plaintiff’s counsel (3 Rev. Stat., ch. 8. title 6, art. 1, § 11, 5th ed. 783, or see 2 Rev. Stat., 722, 4th ed.) has no application. This suit is not brought either for a penalty or forfeiture, and it is necessary that the plain *448 tiff’s complaint should be special (McKeon v. Caherty, 1 Hall, 300; Moran v. Morrissey, 18 Abb. Pr., 131; Langworthy v. Bromley, 29 How. Pr., 92).
I am for reversing the order appealed from.
Daly, J., dissented.