# NATHAN DOXEY
## v.
# JOHN T. MILLER.

1. WAGER—STAKEHOLDER.—A stakeholder is in no sense a party to the illegal contract, or *in pari delictu*. He is a mere depositary of both parties respectively, with a naked authority to deliver over on the happening of the proposed contingency. If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor.

2. RECOVERY OF MONEY DEPOSITED.— It has been held, under the statute of 1845, that the loser of a draft in gambling can recover the same of a party who had purchased it from the winner in good faith. The statute of 1874, in relation to gambling, is broader than the former statute, and most certainly allows a recovery from the stakeholder of the money deposited

3. RECOVERY OF INTEREST NOT ALLOWED.—The statute limits the recovery in such cases to the money lost, with costs, and interest on the same cannot be recovered.

APPEAL from the Circuit Court of Henry county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

Mr. C. DUNHAM, for appellant; argued that a recovery, if had at all, must be under the common law, the statute not authorizing a recovery of money from a stakeholder, when it was placed in his hands in pursuance of an immoral or illegal wager, and, under the common law, appellee cannot have relief from the consequences of his own illegal act, citing: Yates v. Foot, 12 Johns. 1; Morgan v. Groff, 5 Denio, 364; Hill v. Corcoran et al. 107 Mass. 251; Worcester v. Essex, etc. Corporation, 7 Gray, 457; Stanton v. Metropolitan R. R. Co. 14 Allen, 485; Heland v. City of Lowell, 3 Allen, 407; Merchants' Savings, etc. Co. v. Goodrich, 75 Ill. 554; Harris v. Hatfield, 71 Ill. 298; Neustadt v. Hall, 58 Ill. 172; Gregory v. King, 58 Ill. 169; Chapin et al. v. Dake, 57 Ill. 295; McClurken v. Detrich et al. 33 Ill. 349; Beadles v. Bless, 27 Ill. 320; Tatman v. Strader, 23 Ill. 495.

Mr. GEORGE E. WAIT, for appellee; that this is a wagering contract, and void, cited Rev. Stat. 1877, 369.

Doxey v. Miller.

Hence the money deposited may be recovered back: Parmlee v. Rogers, 26 Ill. 56; Hampden v. Walsh, 16 Eng. Rep. 37.

When both parties claim the entire sum wagered, the court will not lend its aid to enforce the illegal contract: Gregory v. King, 58 Ill. 169; Merchants' Savings, etc. Co. v. Goodrich, 75 Ill. 554; Harris v. Hatfield, 71 Ill. 298; McClurken v. Detrich et al. 33 Ill. 349; Beadles v. Bless, 27 Ill. 320.

But a person may recover his own, lost by a gaming contract: Chapin et al. v. Dake, 57 Ill. 295.

Money bet on an illegal wager may be recovered of the stakeholder before he pays it to the winner: Wilkinson v. Tousley, 16 Minn. 299; Ball v. Gilbert, 12 Met. 397; McAllister v. Hoffman, 6 S. & R. 147; Tarleton v. Baker, 18 Vt. 9; Wheeler v. Spencer, 15 Conn. 28; West v. Holmes, 26 Vt. 534; Perkins v. Eaton, 3 N. H. 155; Whitwell v. Carter, 4 Mich. 329; 2 Smith's Leading Cas. 346.

So long as the money remains in the hands of the stakeholder it may be withdrawn, notwithstanding the loss of the bet: McAllister v. Gallaher, 3 Pa. 468.

Notice to the stakeholder not to pay the winner, is a countermand of the authority implied by the original deposit: Bates v. Lancaster, 10 Humph. 134; Fryberger v. Simpson, 11 Ind. 59; Morris v. Philipot, 11 Ind. 441; West v. Holmes, 26 Vt. 530; Conklin v. Conway, 6 Harris, 329; Humphreys v. Magee, 13 Mo. 435: Vischer v. Yates, 11 Johns. 23.

A stakeholder is a mere bailee:  Stacy v. Foss, 1 Appleton, 335; Wheeler v. Spencer, 15 Conn. 28; Moor v. Trippe, 1 Spencer, 263; Forrest v. Hart, 3 Murph. 458; Perkins v. Hyde, 6 Yerg. 238; Wood v. Duncan, 9 Pet. 227; Schackleford v. Ward, 3 Ala. 37; Ivey v. Phifer, 11 Ala. 335; Hardy v. Hunt, 11 Cal. 343; House v. McHanney, 46 Me. 94; Heincke v. Francis, 3 Dutch. 55; Dewess v. Miller, 5 Har. 347; Whitwell v. Carter, 4 Mich. 329; Alexander v. Mount, 10 Ind. 161; Alford v. Burke, 21 Ga. 46; West v. Holmes, 26 Vt. 530; Bell v. Gilbert, 12 Met. 397; Hutchings v. Stillwell, 18 B. Mon. 776; Conner v. Ragland, 15 B. Mon. 634; 2 Smith's Leading Cas. 284; 1 Addison on Con. § 304; 2 Parsons on Con. 138; 2 Cooley's Blackstone, 431; 2 Kent, 600; 2 Bouv. Law Dic. 541.

Pillsbury, J.   The appellee Miller and one Daniel Gilman, wagered $200 upon a horse race, and each deposited $150 with the appellant as stakeholder.   The race resulting unfavorably to Miller he demanded the money deposited by him with appellant before it was paid over to Gilman.   Doxey refused to pay back the money to appellee, but retained the same until this suit was commenced to recover it.   The court below rendered judgment in favor of appellee for the $150 and interest from June 1875, the time of the demand.

It is insisted by the appellant, that as the wager was void upon the ground of public policy, and the appellee in proving his case established the illegality of the transaction, the courts will not aid him in recovering the money so illegally deposited.

By all the authorities the stakeholder is not considered as one of the parties to the transaction.

This position is clearly stated by Shaw, C. J., in Ball v. Gilbert, 12 Metcalf, 397:   "We think it clear," he says, that in no proper sense can the stakeholder be regarded as a party to the illegal contract, or *in pari delictu.*   He is a mere depositary of both parties, respectively, with a naked authority to deliver it over on the proposed contingency.   If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor.

This view is sustained by the following cases:   McAllister v. Hoffman, 6 S. & R. 147; Tarleton v. Baker, 18 Vt. 9; Wheeler v. Spencer, 15 Conn. 28; Perkins v. Eaton, 3 N. H. 155; Whitwell v. Carter, 4 Mich. 329; Wilkinson v. Tousley, 16 Minn. 299.

However this may be at common law, we are of opinion that the action can well be maintained under the provisions of our statute.

The gaming act, Rev. Stat. 1845 p. 592, provided that any person losing money or any other valuable thing at play, if it amounted to $10 might recover the same by any appropriate action from the winner, and by the same act all promises, notes, bills or other securities made upon any gambling consideration should be void and of no effect.

The Supreme Court of this State, in Chapin et al. v. Dake,

57 Ill. 295, held that the loser of a draft in gambling could recover the same by bill in equity of a party who had purchased the same of the winner in good faith in the usual course of business, notwithstanding the draft bore the genuine endorsement of the loser.

This was placed upon the ground that the statute made the contract of endorsement void and no title passed under it. Now the statute of 1874 upon the subject of gaming is a reenactment of the statute of 1845, including, however, in its provisions all wagers upon any race, fight, pastime, sport, lot, chance, casualty, election, or unknown or contingent event whatever. In this respect it is broader than the statute of 1845, and clearly includes the race in question in this suit.

If, then, the statute is broad enough to permit the loser to pursue and recover the property lost when found in the hands of an innocent purposer, most certainly he can recover it from the mere stakeholder, who has knowledge of all the facts.

The case of Gregory v. King. 58 Ill. 169, relied upon by appellant, does not overrule or modify the case of Chapin v. Dake.

In Gregory v. King the court held, it is true, that a wager on an election in another State was against public policy, and void, overruling the former case in 3 Scam. holding the contrary view. At the time of the decision of Gregory v. King, the statute of 1845 was in force, and did not include in its provisions bets upon races or elections, and hence had no bearing in the decision of the case.

That case was decided on common law grounds, and the money having been paid to the winner, the court held that it would not lend its aid to assist either of the parties to the illegal transaction. Had the statute of 1845 given a right of recovery from the winner in case of wagers on elections, we apprehend Gregory v. King would have been decided the same as Chapin v. Dake; but because it was against the common law, only the common law was meted out to the parties.

But as we have seen, the statute of 1874 places bets on races, elections, etc., in the same category with gambling, and gives the same right of recovery in the one case as in the other,

hence, Chapin v. Dake is as applicable to the statute of 1874 as to that of 1845, and fully authorizes a recovery in this case.

The statute, however, limits the recovery to the money lost and costs, and we think that a party ought not to recover any more from the stakeholder than he could if it had been paid to the winner. Interest should not have been allowed. Chapin v. Dake, *supra*.

For the error of the court in allowing interest, the judgment must be reversed and the cause remanded to the Circuit Court of Henry county, and if the appellee will there remit all over $150, the Circuit Court will render judgment in his favor for that sum and costs, without further trial.

Judgment reversed.