## CORSON V. NEATHENY.

1. Horse-racing is gaming, within the intent of section 850, General Statutes of Colorado, and a wager upon a horse-race is a gaming contract, and "utterly void and of no effect."
2. The authority of the stakeholder to pay the money to the winner, upon the contingency, may be revoked by either party before payment, and thereafter the stakeholder holds the deposit to the use of the depositor, who may maintain an action for its recovery.
3. After a demurrer has been overruled, the terms upon which and the time within which the defendant shall be ruled to answer is a matter of discretion, and, except when the discretion is manifestly abused, will not be interfered with by this court.
4. Mere delay on the part of the stakeholder to pay over the money is not of itself such "unreasonable and vexatious delay" as will warrant the allowance of interest, under last clause of section 1707, General Statutes of Colorado.

*Appeal from District Court of San Miguel County.*

THE complaint alleges — *First*, that the plaintiff resides in the county of San Miguel, state of Colorado; *second*, that on the 10th day of July, A. D. 1883, at Mark's ranche, in the county of Ouray and state of Colorado, the plaintiff deposited in the hands of the defendant, as stakeholder, divers sums of money, not exceeding the sum of $2,000, to wit, the sum of $885, to abide the event of wagers made between the plaintiff and divers other persons on the result of a horse-race; *third*, that on the 11th day of July, A. D. 1883, in the town of Ouray and county of Ouray, of the state aforesaid, the defendant declared to the plaintiff that such horse-race was still undecided, and the plaintiff then and there forbade the said defendant to pay over the said deposits of the said divers sums of money of the amount of $885 to any person or persons other than the plaintiff, which said money the defendant then had in his possession; *fourth*, that on the 30th day of July, A. D. 1883, in the said town and county of Ouray, the defendant refused to deliver the said deposits of said divers sums of money of

the amount of $885, to the plaintiff, on his demand. Wherefore plaintiff demands judgment for the sum of $885, and interest from the date of such demand, and costs of suit.

Defendant's motion for change of venue overruled. Defendant's demurrer overruled. Court orders the defendant to answer by the incoming of court at 2 o'clock this day, to which ruling of the court the defendant excepts. Default for want of answer. Judgment for $899. Appeal.

Sec. 162, ch. 25, Gen. St.: "All contracts, promises, agreements, conveyances, securities, and notes made, given, granted, executed, drawn, or entered into, where the whole or any part of the consideration thereof shall be for any money, property, or other valuable thing won by any gaming, or by playing at cards, or any gambling device or game of chance, or by betting on the side or hands of any person gaming, or for reimbursing or paying any money or property knowingly lent or advanced, at the time and place of such play, to any person or persons so gaming or betting, shall be utterly void, and of no effect. No assignment of any bill, bond, note, or other evidence of indebtedness, where the whole or any part of the consideration for such assignment shall arise out of any gaming transaction, shall in any manner offset the defense of the person or persons making, entering into, executing, or giving such instrument so assigned, or the remedies of any person interested therein."

Messrs. ENOS MILES and WM. STORY, for appellant.

Messrs. R. E. FOOTE and KENT and BERNICE, for appellee.

ELBERT, J. The court did not err in overruling the defendant's demurrer. The word " gaming " is held to

extend to "physical contests, whether of man or beast, when practiced for the purpose of deciding wagers, or for the purpose of diversion, as well as to games of hazard or skill, by means of instruments or devices." Horse-racing is gaming, within the intent of section 850, Gen. St. *Boughner v. Meyer*, 5 Colo. 71; *Tatman v. Strader*, 23 Ill. 493; *Shropshire v. Glascock*, 4 Mo. 536; *Boynton v. Curle*, id. 599. It follows that a wager upon a horse-race is a gaming contract, and "utterly void and of no effect." Authority to the stakeholder to pay the deposit to the winner, upon the contingency, may be revoked by either party at any time before payment, and thereafter the stakeholder holds the deposit to the use of the depositor, who may maintain an action for its recovery. 2 Chit. Cont. 919, and cases there cited; 1 Add. Cont. *363, and cases there cited; *Ball v. Gilbert*, 12 Metc. 403; *McAllister v. Hoffman*, 16 Serg. & R. 147; *Tarleton v. Baker*, 18 Vt. 9; *Wheeler v. Spencer*, 15 Conn. 28; *Perkins v. Eaton*, 3 N. H. 155; *Whitwell v. Carter*, 4 Mich. 329; *Wilkinson v. Tousley*, 16 Minn. 299; *Doxey v. Miller*, 2 Bradw. 30.

The complaint sufficiently alleges that at the time the plaintiff notified the defendant not to pay over the money deposited to the other parties to the wager the defendant had the deposit in his possession.

Nor was there error in overruling the defendant's motion for a change of venue. (1) The complaint shows the residence of the plaintiff in the county of San Miguel, and the action was properly brought in that county. Sec. 28, ch. 11, Amend. Code. At common law the action would have been *indebitatus assumpsit*, and the provision of the section respecting torts has no applicability. (2) The allegation that "the convenience of witnesses, and the ends of justice, would be subserved" by the change of venue, is not supported. The defendant in his affidavit names eleven witnesses who reside in the county of Ouray, and states that "he believes he can

prove by each of said witnesses that the said Neatheny fairly lost the race and wager on which he put up the money in the complaint mentioned." This was matter which was not and could not become an issue in the case, and evidence of it, if offered, would not have been admissible.

After a demurrer has been overruled, the terms upon which and the time within which the defendant shall be ruled to answer is a matter of discretion with the court, and, except when the discretion is manifestly abused, will not be interfered with. Sufficient time should always be given, having reference to the character of the case. The time given in this case was short, — presumably but a few hours. But as the complaint contained less than thirty lines of written matter, and but few allegations, the time given to answer it, considering the nature of the case, cannot be said to have been so manifestly insufficient and unreasonable as to justify a reversal on that ground.

Objection is made to the allowance of interest on the deposit from the date (presumably) of the demand on the defendant to the date of judgment, and we think it well taken. In the absence of an agreement to pay interest, none can be recovered, except in the cases specially provided for by statute. Sec. 1707, Gen. St.; *Hawley v. Barker*, 5 Colo. 118, and cases there cited. If the plaintiff was entitled to recover interest in this case, it was under the last clause of the section which allows interest "on money withheld by an unreasonable and vexatious delay." Whether a delay has been unreasonable and vexatious "must be determined by the circumstances of each particular case." It is manifest, however, that the legislature intended something more than a sum due, and delay in its payment. This has been repeatedly decided under a like statute. *Sammis v. Clark*, 13 Ill. 545; *Hitt v. Allen*, id. 597; *McCormick v. Elston*, 16 Ill. 205; *Newlan v. Shafer*, 38 Ill. 379; *Davis v. Kenaga*, 51

Ill. 170; *Jassoy v. Horn*, 64 Ill. 379. There is no evidence in the record to show anything more than mere delay upon the part of the defendant to pay the money on the demand of the plaintiff, and this, of itself, is not sufficient to authorize interest under this clause. For this error of the court in allowing interest the judgment must be reversed, and the case remanded, with direction to enter judgment in favor of the plaintiff for the sum of $885 and costs, without further trial. Judgment reversed.                                    *Reversed.*