# Richard McLean
## v.
## C. A. Wilson, by Next Friend.

*Infancy—Wager—Deposit with Stake-holder—Notice not to Pay.*

1.   A stake-holder of money bet upon a game or other matter of chance is regarded as the depositary of the respective parties, and is not affected by the illegal nature of their contract and he may pay over to the winner unless previously notified not to do so.

2.   While an infant may repudiate his action in making a bet and in depositing money with a stake-holder, he may not, after the result is known and after instructing the winner to take his money, recover it from the stake-holder after the same has been paid over.

[Opinion filed May 24, 1890.]

Appeal from the County Court of Montgomery County; the Hon. Amos Miller, Judge, presiding.

Messrs. T. M. Jett and J. M. Truitt, for appellant.

Messrs. Lane & Cooper and William Blue, for appellee.

*Per Curiam.*   Appellee sued appellant to recover money deposited with the latter as a stake-holder upon a wager in regard to a game of base-ball.

Appellee was a minor, and on this ground claimed the right to his money, though it had been paid over to the winner.   He also claimed to recover it upon the distinct ground that before the result of the game was known he notified the stake-holder not to pay.   The latter denied that such notice was given, and further, he asserted that after such alleged notice the appellee told the winner to go and get the money, and that appellant, after being informed of such direction, paid the money over.

The trial court instructed the jury that the infancy of the plaintiff enabled him to repudiate the entire transaction, and refused to permit the defendant to prove that he was informed of the direction of the plaintiff to the winner to take the

money, and refused to instruct the jury that plaintiff would be bound by such direction.

It appeared that plaintiff, while nearly of age, had a more mature appearance than his years would ordinarily indicate, and that he had been for some time engaged in buisness on his own account, and was supposed to be of age by the stake-holder.

A stake-holder of money bet upon a game or other matter of chance, is regarded as the depositary of the respective parties and is not affected by the illegal nature of their contract. Doxey v. Miller, 2 Ill. App. 30.

Hence he may lawfully pay the money over to the winner unless previously notified not to do so. He is authorized by the owner of the property to deliver it upon a contingency.

Regarding the subject in the light of the infant's want of power to confer such authority upon another in respect to his property, there is confessedly some difficulty, but we are inclined to think it is within the principle laid down in Welsh v. Welsh, 103 Mass. 562, where it was held that money belonging to an infant and received from him by his brother with directions to use for the benefit of their parents if necessary, and which was so used by the brother before revocation, could not be recovered by the infant from the brother. The court placed non-liability upon the ground that there was an executed agency and likened the case to that where an infant indorses a note payable to his order to a third person, and the maker pays it to the indorser, where the infant is bound by the payment, because the transaction has been executed in favor of the appointee and can not be opened without reinstating the maker; citing Nightingale v. Withington, 15 Mass. 272, where it was said by Parker, C. J., "It would be absurd to allow one who had made a promise to pay money to one who is an infant, or his order, to refuse to pay the money to one to whom the infant had ordered it to be paid, in direct violation of his promise."

Conceding the position that an infant may repudiate his action in making a bet and in depositing money with the stake-holder, which is certainly correct, it would be an act of fraud upon the part of the infant, under the circumstances

here appearing, after the result is known, to instruct the winner to take the money and then claim it of the stake-holder after payment by him, pursuant to such direction.

We are of opinion that in excluding the offered evidence and in refusing the instruction on that point asked by appellant, there was error, for which the judgment must be reversed and the cause remanded. *Reversed and remanded.*