## No. 28444

**Samuel O. Sampson, Jr. v. The District Court in and for the Seventh Judicial District; The Honorable Jerry B. Lincoln, one of the Judges thereof; and Marshall Hughes**

(590 P.2d 958)

Decided February 20, 1979.

Frank Plaut, P.C., Evan S. Lipstein, for petitioner.

Reams and Kaye, Warren F. Reams, Bruce J. Kaye, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding in which petitioner seeks a writ of mandamus to compel the respondent district court to vacate an order changing venue of Civil Action No. 78-CV-45 from San Miguel County to Ouray County. We issued a rule to show cause why the requested relief should not be granted. We now make the rule absolute.

The petitioner was a passenger in a pickup truck that was struck in the rear by a truck driven by Marshall Hughes. The accident occurred in Ouray County. Thereafter, a civil action for damages was commenced in the District Court of San Miguel County. Defendant Hughes is a resident of San Miguel County where he was served with process.

Defendant Hughes made a motion for change of venue under C.R.C.P. 98(f)(2).[1] The motion basically stated that Telluride, the county seat of San Miguel County, is in a remote mountainous region and that Ouray, therefore, is a more convenient location for potential witnesses to appear for trial.

The court granted the motion for change of venue without a hearing. It relied on the motion for change of venue and brief in support thereof. No affidavits were attached to the motion and no evidence was taken in support thereof. The motion simply alleged that unidentified witnesses most likely would be inconvenienced by travel into Telluride.

A motion to change venue on the ground of convenience of witnesses is addressed to the sound discretion of the trial court, whose

---

[1] C.R.C.P. 98(f)(2) provides: "The court may, on good cause shown, change the place of trial in the following cases: * * * (2) when the convenience of witnesses and the ends of justice would be promoted by the change."

decision will be accepted as final on review unless an abuse of discretion is apparent. *Evans v. District Court,* 194 Colo. 299, 572 P.2d 811 (1977). The burden of proof of the right to change of venue is upon the party who seeks the change. *Cliff v. Gleason,* 142 Colo. 500, 351 P.2d 394 (1960).

When a motion for a change of venue is made under C.R.C.P. 98(f)(2), the movant must show, through affidavit or evidence, the identity of the witnesses, the nature, materiality and admissibility of their testimony, and how the witnesses would be better accommodated by the requested change in venue. *Enyart v. Orr,* 78 Colo. 6, 238 P. 29 (1925); *Corson v. Neatheny,* 9 Colo. 212, 11 P. 82 (1886); *D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158, 45 P. 285 (1896); *Hills v. LaDue,* 5 Colo. App. 248, 38 P. 430 (1894). *See also Flanagan v. Flanagan,* 175 Cal. App. 2d 641, 346 P.2d 418 (1959). Here, the movant totally failed to meet his burden of proof.

The court had nothing before it other than the conclusory assertions in the motion that Telluride is remote and that witnesses would be inconvenienced.

The court, thus, had no evidence upon which to determine whether in fact the convenience of witnesses and the ends of justice would be promoted by a change of venue. We conclude, therefore, that in ordering the change of venue without having supporting affidavits or holding an evidentiary hearing the court acted arbitrarily and abused its discretion.

The rule is made absolute.