RANGER INSURANCE COMPANY, Metro Oil Products, Inc., and Sherry Hoggard, Petitioners,

v.

The DISTRICT COURT In and For the CITY AND COUNTY OF DENVER, State of Colorado, and John Brooks, sitting as the Judge of said Court, Respondents.

No. 82SA61.

Supreme Court of Colorado, En Banc.

July 12, 1982.

Morrato, Bieging, Burrus & Colantuno, P. C., Roger B. Wood, Englewood, for petitioners.

Hall & Evans, John P. Mitzner, Denver, for respondents.

ROVIRA, Justice.

The petitioners initiated this original proceeding in the nature of mandamus to require the District Court in and for the City and County of Denver (respondent) to vacate an order changing venue of Civil Action No. 81–CV–8192 from the Denver District Court to the District Court of Rio Blanco County. We issued a rule to show cause and now make the rule absolute.

The petitioners were the plaintiffs in the above mentioned civil action, and the State Department of Highways (department) was the defendant. In their complaint they alleged that an automobile accident occurred in Rio Blanco County and they sought compensatory damages [1] arising out of that accident. Venue was predicated upon the fact that the department's principal office was located in the City and County of Denver.

Within a month following the filing of the complaint, the department filed its answer to the complaint and a motion requesting a change of venue to the district court of Rio Blanco County. The motion stated that a change of place of trial would be more convenient to the witnesses and the ends of justice would be promoted by the change, but no affidavit was filed supporting these allegations.

The motion was set for hearing on January 15, 1982. However, on November 8, 1981, the respondent entered an order granting the department's motion. On November 16, 1981, the petitioners filed a Motion to Vacate the order, and shortly thereafter, on November 20, 1981, the department filed an affidavit in conjunction with its Opposition to Motion to Vacate the order changing venue.[2]

The petitioners' Motion to Vacate was set for hearing on January 15, 1982. On that date, the respondent court refused to hear the motion on the ground that the Denver District Court lost jurisdiction upon the granting of the motion to change venue.[3] We conclude that the respondent court erred in holding that it lost jurisdiction to consider the motion to vacate.

---

1. No record of the proceedings below was filed in this case. Our statement of facts is based on the uncontroverted recitation of facts contained in the Petition for an Extraordinary Writ in the Nature of a Writ of Mandamus and the Response to Rule to Show Cause.

2. The department contends that the affidavit sets forth sufficient grounds to support its motion to change venue. However, it is clear that the affidavit was not before the court at the time the motion for a change of venue was granted.

3. Given the basis of the court's ruling, it is clear that the subsequently filed affidavit was not considered by the court when it heard the Motion to Vacate.

■ It is clear under numerous decisions of this court that when a party requests a change of venue upon a ground which entitles it to the change as a matter of right the trial court loses all jurisdiction except to order the change. *Board of County Commissioners v. District Court*, Colo., 632 P.2d 1017 (1981); *Lamar Alfalfa Milling Co. v. Bishop*, 80 Colo. 369, 250 P. 689 (1926); *People ex rel. Lackey v. District Court*, 30 Colo. 123, 69 P. 597 (1902); C.R.C.P. 98(a)–(d).

■ Here, the motion for change of venue was not based on a claim of right, but rather was addressed to the sound discretion of the trial court. Under these circumstances, the court is not divested of jurisdiction as of the granting of the motion. *Compare Enyart v. Orr*, 78 Colo. 6, 238 P. 29 (1925), *with Board of County Commissioners v. District Court, supra.* Further, a court always retains the inherent power to reconsider a prior ruling as long as the motion is made in a timely fashion. *See Badella v. Miller*, 44 Cal.2d 81, 279 P.2d 729 (1955); *Moore v. Powell*, 70 Cal.App.3d 583, 138 Cal.Rptr. 914 (1977). The respondent court's mistaken view that it lacked jurisdiction to reconsider its initial ruling granting the change of venue prevented it from providing the petitioner with an opportunity to contest the original order made without affidavits or an evidentiary hearing.

In the interest of judicial economy, we feel that it is appropriate that we review the court's original order changing venue.

■ C.R.C.P. 98(f) provides that "[t]he court may, on good cause shown, change the place of trial ... when the convenience of witnesses and the ends of justice would be promoted by the change." The burden of proof on a motion for change of venue is upon the party seeking the change and "the movant must show, through affidavit or evidence, the identity of the witnesses, the nature, materiality and admissibility of their testimony, and how the witnesses would be better accommodated by the requested change in venue." *Sampson v. District Court*, 197 Colo. 158, 590 P.2d 958 (1979); *see State v. District Court*, Colo., 635 P.2d 889 (1981).

■ As in *Sampson*, the respondent court had nothing before it other than the conclusory statements in the motion to change venue that the ends of justice would be promoted and Rio Blanco County would be more convenient for the witnesses. Based on the limited record before us, we conclude that the court abused its discretion when it ordered the change of venue in the absence of a supporting affidavit or an evidentiary hearing. *Sampson v. District Court, supra.*

Accordingly, the order changing venue is vacated and the case remanded to the respondent court for further proceedings consistent with this opinion.

The rule to show cause is made absolute.