# HAWLEY V. BARKER.

Under the statute (Gen. Laws, page 513, section 29), interest is not recoverable upon a verdict.

*Error to District Court of Arapahoe County.*

THE case is stated in the opinion.

Mr. WILLARD TELLER, for plaintiff in error.

Messrs. BUTLER, WRIGHT & KING, for defendant in error.

ELBERT, C. J. In this case there was a general demurrer to the complaint; the demurrer was sustained and judgment entered thereon. The plaintiff brings the case to this court by writ of error. The complaint shows that on May 28, 1875, the plaintiff recovered a judgment against the defendant in the District Court of Gilpin County, in an action on a written instrument for the payment of money, for the sum of $1,136. A motion for a new trial was made by defendant, and remained undisposed of until March 26, 1877, when it was denied, and judgment entered on the verdict; the case was appealed to this court and judgment affirmed. The judgment was for the exact amount of verdict, and the present action is brought to recover interest on the amount of the verdict from the date of its rendition up to the time of entry of judgment thereon.

There is but little harmony among adjudicated cases upon the subject of interest. It is defined to be " the compensation which is paid by the borrower of money to the lender for its use, and generally by a debtor to his creditor, in recompense for his detention of the debt." (Bouvier Law Dic.)

Again, it is said to be " a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt." *Minard* v. *Beans*, 64 Pa. St. 411.

In Colorado, interest is regulated by statute, and in this case the plaintiff claims to recover under the provisions of section 2 of the Statutes (Gen. Laws, p. 513). The section is as follows:

" Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof at the rate of ten per cent. per annum for all moneys after they become due, on any bond, bill, promissory note, or other instrument of writing, or any judgment recovered before any court or magistrate author- ized to enter up the same within this State, from the day of entering up said judgment until satisfaction of said judgment be made; likewise on money lent; on money due on the set- tlement of account from the date of the last just entry that may have been made in account; on money received to the use of another and retained without the owner's knowledge, and on money withheld by an unreasonable and vexatious delay."

. In the case of *Sammis* v. *Clark et al.* 13 Ill. 544, substan- tially the same section was under consideration. Mr. Justice Trumbull says: " It is a rule in the construction of statutes that the expression of one thing is the exclusion of another, and it may well be insisted when the legislature has enumer- ated a variety of cases in which creditors shall be allowed to receive interest, that it was not their intention to permit them to demand it in the cases not enumerated. Dwarris on Stat- utes, 713; *King* v. *Cunningham*, 5 East. 478; *The Warden of St. Paul* v. *The Dean*, 4 Price. Interest is not given by the common law for a failure to pay money when it is due, unless the parties have so agreed. Hawkins, book 1, Ch. 29, Sec. 6. *Renn's Glass Factory* v. *Reid*, 5 Cow. 608; *Madison County* v. *Bartlett*, 1 Scam. 70. It follows from these posi- tions, that interest can only be recovered in this State in ac- tions purely *ex contractu*, and where there is nothing tortious in the character of the indebtedness in the cases specified in the statute, or where there has been an express promise to pay interest or such a promise can be inferred from the circum-

stances, the particular mode of dealing adopted by the parties, or the usage of the trade in which they dealt."

We accept this construction as the law. If, therefore, the plaintiff can recover interest on his verdict, it must be in virtue of its express or implied enumeration in the section quoted, and to this inquiry the controversy is narrowed.

The plaintiff bases his right to recover thereunder upon three grounds:

First. That the verdict is an instrument of writing within the meaning of the section.

Second. That it is a settlement of account within the meaning of the section.

Third. That in this case it may be treated as "money withheld by an unreasonable and vexatious delay," within the meaning of the section.

Without reference to the question whether this can be regarded as an action *ex contractu*, we will consider the points made in their order.

To the first proposition it may be replied that the term "instrument of writing," as here used, has a definite legal meaning, which excludes a verdict as something essentially different. An instrument of writing implies an agreement or contract which it contains, and of which it is the memorial. (Bouvier.) A verdict is the unanimous decision made by a jury and reported to the court on the matters lawfully submitted to them in the course of the trial of a cause. (Bouvier.) Nor can a verdict with any more propriety be called a "settlement of account," which is an agreement by which two or more persons who have dealings together, so far arrange their accounts as to ascertain the balance due from one to the other.

Upon such a settlement of accounts, the statute authorizes interest "from the date of the last just entry that may have been made in account"—language that is meaningless when applied to a verdict. The one is a transaction between the parties; the other is the result of legal proceedings. Again, a verdict is not conclusive until final judgment is entered upon

it; until then it is liable to be made nugatory by arrest of judgment or new trial; until then the issues submitted are not *res judicata*, nor can it be relied upon as proof of the facts found. (Freeman on Judg. Secs. 251, 276.)

The first and second propositions do violence to legal nomenclature. It is manifest that the plaintiff is not entitled to interest unless it be under the clause which allows interest on "money withheld by an unreasonable and vexatious delay."

At the rendition of the verdict, March 28, 1875, a motion for a new trial was interposed by the defendant, which remained pending and undisposed of until March 22, 1877, when the motion was overruled, and judgment entered on the verdict. Why the motion was not disposed of sooner does not appear. The defendant had the right to contest the verdict in all the modes prescribed by the law. If there was delay, it is to be regarded as the law's delay, and not his. Under the statute the duty to pay and "withholding" must co-exist. During the interim between verdict and judgment, the law devolved upon the defendant no duty to pay, and there could be no withholding by him. The law withheld payment that the subject-matter of the suit might be heard and determined, if upon the condition of payment of interest it is not so expressed, and we are not willing to imply in this case that which encumbers the right of defense.

In the case of *Aldrich* v. *Dunham*, 16 Ill. 403, it was held under a similar statute that "to appear and defend a suit is a right which cannot be construed into" unreasonable and vexatious delay of payment "without impairing the right itself." The reason assigned is equally cogent, no matter what the form of action. The delays consequent upon the conduct of a suit are not within the meaning and intent of the act, and in the absence of statute cannot be made the subject of either inquiry or penalty. That it might be a proper subject for legislative action is aside from the question. Undoubtedly a *nisi prius* court may, pending litigation and in a proper case, impose terms upon a party asking delay, but this is not because of any

power under this statute to allow interest, but in virtue of its inherent power to make subject to the law all necessary rules for the conduct and dispatch of its business.

In the case of *Kelsey* v. *Murphy*, 30 Pa. St. 340, Mr. Justice Thompson says:

" While the question of indebtedness, under all the ascertained facts in the case is under consideration in the courts, as is the case on a motion for a new trial, the contract of the debtor is suspended.  The case is *in gremio legis*, and is presumed to be held under consideration by the ministers of the law.  The debtor can neither pay nor tender so as to avail anything, even if disposed to abandon the contest.  It is emphatically and in truth the law's delay.  It is an incident inseparable from the civil machinery that the law puts in operation to ascertain the truth between man and man, and until the process be gone through with, it presumes that errors may exist, and hence not only indulges such delays occasionally, but sometimes brings out of them the finest achievements of its mission.  Consideration is as necessary in the administration of justice as evidence, and every judgment formally entered, recites that it is considered and adjudged."—Considered first, and adjudged afterwards.

"This is the purpose and object of motions for new trials where there is doubt, and if permitted to be diverted from this just purpose it is more the fault of the administration of the law than of the law itself, but it cannot be said to be the fault of the party.  While, therefore, the very essence of the contest is being considered, and the result is *in dubio*, it is easy to see that no duty rests upon the party ultimately liable to pay, so long as that condition lasts, and of course he ought not to be obliged to make compensation to the opposite party, because it exists and continues for a time.  That the proceeding is still immature, when a verdict is rendered, is apparent, when we consider that it is in a condition on which no process can issue, and on which no action can be maintained, and is no lien on either real or personal estate.  For these and

other reasons, neither the common law of England, nor the practice there or with us, have sanctioned the collection of interest as incidental to a verdict during the pendency of a motion for a new trial."

Whether, if the interest were recoverable on a verdict, it could be recovered in an independent action, is a question not raised by counsel, and we neither discuss nor decide it. The demurrer to the complaint was properly sustained. The judgment of the court below is affirmed, with costs.

*Affirmed.*