### MORSE AND OTHERS v. CLARK, ADMINISTRATOR.

The statute (Gen. Laws, §§ 2914, 2915, 2918) prescribes the manner of presenting claims against the estates of deceased persons, and provides a summary method of establishing such claims upon notice at any term of the court subsequent to the issuing of letters testamentary or of administration. Plaintiffs filed their claim against the estate of defendant's intestate November 17, 1879, on a cause of action which had accrued January 20, 1877. Prior thereto, on February 4, 1878, plaintiffs had filed the claim, but withdrew it March 30, 1878. *Held*, that the claim was barred by the statute of limitations as not having been filed within two years after the cause of action accrued. The filing and withdrawal of the claim did not constitute the commencement of an action to prevent the statute of limitations from running.

*Appeal from District Court, Arapahoe County.*

THIS case was tried in the district court upon appeal from the judgment of the county court, allowing the claim on behalf of the appellants and against the estate

of the appellee's intestate. The claim was for contribution in respect to moneys alleged to have been paid by the plaintiffs to discharge a promissory note on which they, the defendant's intestate, and others were alleged to have been sureties. For a second answer defendant averred that the cause of action accrued without the state of Colorado, upon a simple contract, more than two years before the institution of plaintiffs' action. Judgment was given in the district court for the defendant. The plaintiffs appeal to the supreme court.

Statutes referred to:

"Sec. 2914. All persons having claims against the estate may present the same on the day named in such notice, and the court may proceed to hear and determine the same, or, if objection be made thereto by the executor, administrator, or any party interested in the estate, or if cause be shown by the party presenting such claim, may continue the hearing thereof; if no objection be made to any such claim by the administrator, widow, guardian, heirs, or others interested in said estate, the claimant shall be permitted to swear that such claim is just and unpaid, after allowing all just credits; and, if objections be made to such claim, the account shall be adjudicated as is required in other cases; provided, that estate shall be answerable for the costs on the claims filed at or before said term, but not after.

"Sec. 2915. All persons having claims against estates, upon giving the executor or administrator ten days' notice of the time they intend to present the same, with a copy of the account or instrument of writing whereon such claim is founded, may exhibit such claims against the estate at any term of the court subsequent to the issuing of letters testamentary or of administration."

"Sec. 2918. The manner of exhibiting claims against estates shall be by filing in the county court the account or instrument of writing, or an exemplification of the record whereon such claim is founded. Formal plead-

ing shall in no case be required, but the issue shall be formed, heard and determined in the same manner as in actions before justices of the peace."

Mr. M. B. Carpenter, for appellants.

Messrs. Wells, Macon and McNeal, for appellee.

Elbert, J.  The plaintiffs filed their claim against the estate of the defendant's intestate on the 17th day of November, 1879, having given notice under the provisions of section 2915, General Laws, 972. The defendant, in obedience to the notice, appeared and contested the claim. Hence this suit. The plea of the statute of limitations (R. S. ch. 55, § 16), interposed by the defendant, was good. The cause of action accrued January 20, 1877, the date of the last payment claimed to have been made by the plaintiffs. The filing of the claim, which must be regarded as the commencement of the suit, was not within the two-years limit fixed by the statute. It appears that theretofore, on the 4th day of February, 1878, the plaintiffs had filed the same claim in the probate court, and subsequently, on March 30, 1878, withdrew it. It is claimed that this must be treated as the commencement of the action. However this might be, had the claim not been withdrawn, the proposition is inadmissible in face of that fact. *Reitzell v. Miller*, 25 Ill. 69. The manner of exhibiting such claims against an estate as prescribed in section 131 and elsewhere, in the act of the Revised Statutes referred to, does not constitute the presentation of such claims for allowance, actions or suits at law, in the ordinary sense of these terms, although, when the allowance of such claims is contested, it may ripen into or become the basis of a suit proper. *Corning v. Ryan*, 3 Colo. 528.

It is further contended by counsel for the appellants that the filing of the claim, February 4, 1878, in accordance with the provisions of section 2918, General Laws,

972, stopped the general statute of limitations from running. A like question, under a similar statute, was made in the case of *Reitzell v. Miller*, 25 Ill. 69. The court say: "It was not the design of the general assembly that the filing of a claim should arrest the general statute of limitations which had previously begun to run, nor to prevent it from afterwards running upon a claim not due at the time of its presentation. The object of this section is to facilitate and produce speedy settlement of estates of deceased persons, and it could not have been designed to give creditors an unlimited period of time within which to establish the justice of their claim after they had been exhibited in the probate court. Such a construction would defeat the manifest intention of the enactment." We think this view correct.

The filing of the claim, February 4, 1878, and its subsequent withdrawal on March 30, 1878, and its refiling November 17, 1879, in the county court, are facts which appear from the claimants' own showing. It is therefore unnecessary to go into the question touching the admissibility of the copy of the petition which the defendant offered and the court received in evidence.

The judgment of the court below is affirmed.

HELM, J., did not sit in this case.

*Affirmed.*