Bissell, P. J.,
delivered the opinion of the court.
In 1890, Morrison, Bingham & Co. brought suit against Keys on several different causes of action. The plaintiffs counted upon several promissory notes, on an account for goods sold and delivered to Keys and another as co-partners, and also on an account against Keys, Hinkle & Keys for a specified sum. The complaint claimed interest on the sums named in the second two causes of action because the money had been withheld in a manner which was *442 the legal equivalent of the “unreasonable and vexatious delay ” specified in the statute giving the right to interest in certain cases. The summons was served, the defendant made default, and judgment was entered for the amount claimed, with interest. Keys sued out a writ of error to reverse the judgment, and brought up simply a transcript of the record, which contains a copy of the complaint, the summons and the orders and judgment entered. Pie assigns various errors, but discusses only two, and these will be all which will be either discussed or considered in determining the case.
He seems seriously to contend that the judgment is erroneous because the court entered judgment for the interest which the plaintiffs asked under their allegation that there had been an “ unreasonable and vexatious delay” in the payment of the several'accounts for which the suit was brought. In support of this contention he cites the cases of Hawley v. Barker, 5 Colo. 118, and Corson v. Neatheny, 9 Colo. 212, which undoubtedly hold that interest is only recoverable in those cases which are specified in the statute, and that mere delay to pay is not necessarily the “ unreasonable and vexatious delay” which the statute requires in order to permit the recovery of interest. Conceding this to be true, the contention furnishes no basis for the reversal of the judgment. The complaint alleged that there had been this sort of delay in the payment of the money, and the plaintiffs prayed to recover interest on that hypothesis. It is doubtless true that a general allegation of delay, even though it be averred to be vexatious and unreasonable, is not an apt and artistic method of pleading, and the pleader on the interposition of a demurrer, or a proper motion if one would lie, might compel an exact and specific statement of the facts constituting the delay, or else object to the introduction of proof concerning it. Where, however, as in this case, there was no appearance on the part of the defendant and he took no action in the premises, it cannot be said that the pleading was so totally defective that proof could not be introduced thereun■der. Since this is true, we must presume for the purposes of *443 upholding the judgment that the plaintiffs introduced such evidence in support of that allegation as would justify the entry of the judgment which the court gave.
The plaintiff in error likewise insists that there was a misjoinder of causes of action, and that according to the very plain allegations of the complaint it is evident that the causes did not come within the statutory provisions which authorize the union of several in the same suit. This may be true, but it is unavailable. The Code provides that a demurrer shall lie for the misjoinder of causes of action, and further enacts that advantage must be thus taken of this defect if it exists and is apparent on the face of the complaint. It likewise restricts the right to raise this question to answer if the fact be not thus apparent, and provides that in case of a failure to take advantage of the error in either one of these two ways it shall be deemed a waiver of the mistake. These several Code provisions clearly dispose of this contention. The judgment was entered after default, the defendant neither demurred to the complaint nor set up by answer that there was a misjoinder of the causes of action, and the court had the right to enter judgment notwithstanding the fact that the complaint might have been vulnerable to attack in respect of these matters.
These two errors which are presented to the consideration of the court do not require us to disturb the judgment, and it will therefore be affirmed.

Affirmed.