## DICKEY v. DICKEY.

(Circuit Court of Appeals, Eighth Circuit. April 3, 1899.)

### No. 1,072.

1. APPEAL AND ERROR—REVIEW OF FINDINGS OF FACT.

While the findings of fact made by the court are not as conclusive as the findings of a jury, they are presumptively correct, and will not be disturbed by the appellate court, unless they are against the weight of evidence.

2. LEGACY—DEPENDENT ON VALUE OF ESTATE.

Where the amount of a legacy is dependent upon the amount of decedent's estate, at a fair valuation, at the time of his death, the value of the estate will be computed by deducting his debts, for which his estate is liable, from the fair value of the assets.

3. SAME—INTEREST.

A refusal to pay a legacy is not willful and without reasonable cause, so as to entitle legatee to interest, where he claimed a larger sum than entitled to, and, on suit, was allowed only half of the amount claimed.

4. SAME.

If legacies bear interest within the provisions of Mills' Ann. St. § 2252, allowing creditors interest for all moneys after they become due, on any bond, bill, or promissory note or other instrument in writing, they do so only after an order of the court has been made directing their payment.

Sanborn, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of Colorado.

Suit by John M. C. Dickey against Mary S. Dickey, executrix, to recover a legacy. From decree in favor of plaintiff for part of amount claimed, he appeals. Affirmed.

Thomas H. Hardcastle, for appellant.

Henry McAllister (Henry M. Blackmer, on the brief), for appellee.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is a suit in equity by a legatee to recover a legacy. The material facts are: Clement C. Dickey, late of Colorado Springs, in the state of Colorado, died on March 7, 1893, leaving a will, which was duly probated, containing the following bequests:

"Second. I give and bequeath unto my brother, John Miller Crescent Dickey, of the town of Oxford, Chester county, Pennsylvania, the sum of $20,000 cash, for his own use forever." "Fifth. In case my estate and property at the time of my decease does not amount to more than the sum of $50,000, at a fair valuation, then, in that event, it is my will that my said brother shall receive only the sum of $10,000 cash, instead of the $20,000, hereinbefore mentioned."

His widow was nominated as executrix, and was made the residuary legatee. The complainant claims that he is entitled to the legacy of $20,000, and also interest on the same. The court below decreed that he was entitled only to the sum of $10,000, as it found the estate did not amount to more than $50,000, at a fair valuation, at the time of the testator's death, and also denied the claim for interest. From this decree an appeal was taken to this court, and these are the only questions presented by the record.

The first question is determined by the finding that "the value of the testator's estate at the time of his death, at a fair valuation, did not exceed the sum of $50,000." It is urged that the evidence does not support this finding. While the findings of fact made by a chancellor are not as conclusive as the finding of a jury in a common-law action, they are nevertheless presumptively correct, and will not be disturbed by the appellate court unless it can be shown that they are against the weight of the evidence. In the case at bar, a careful examination of the evidence satisfies all of us that the findings of the court below are supported by the weight of the evidence, and that the value of the estate at the time of the death of the testator did not amount to $50,000 at a fair valuation, but fell several thousand dollars short of that sum.

It would serve no useful purpose to set out in detail the description and valuation of the assets of the estate, and the evidence relating thereto, and the amount and character of the debts which have to be deducted therefrom, to ascertain the "amount" of the "estate and property, at a fair valuation, at the time of" the testator's death. It is obvious that the testator did not mean to exclude his debts from the computation. The amount of the estate, at a fair valuation, at the time of his death, is the fair value of the estate at that time after deducting therefrom the debts then owing by the testator, and which his estate was liable to pay.

Is the appellant entitled to interest on the legacy? At common

law, interest was not allowed in any case. 2 Bl. Comm. 454; Houghton v. Page, 2 N. H. 42. In this country it is sanctioned by statute, and is entirely a creature of the statute, and only allowed where so authorized, except as damages in certain cases, where the refusal to pay has been willful and without any reasonable cause. Railroad Co. v. Moynahan, 8 Colo. 56, 5 Pac. 811; Dexter v. Collins, 21 Colo. 455, 42 Pac. 664. In the case at bar there has been no willful refusal to pay the legacy, as appellant claimed a larger sum than he was entitled to receive.

Do the statutes of Colorado allow interest on legacies in such a case? Section 2252 of Mills' Annotated Statutes of Colorado reads:

"Creditors shall be allowed to receive interest when there is no agreement as to rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing, or on any judgment recovered before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereof be made; also on money due on mutual settlement of accounts from the date of such settlement; on money due on account from the date when the same became due, and on money received to the use of another and detained without the owner's knowledge."

Legacies are not mentioned in the statute, and for this reason appellee insists that legacies do not bear interest. It is unnecessary to determine that question in this case; for, as shown by the bill, complainant insisted that the value of the estate exceeded $50,000, and that he was entitled to $20,000, while the appellee in her answer denies that the estate was of that value. The statute has never been construed by the supreme court of Colorado in relation to legacies, and, while there is some conflict among the authorities as to that proposition, it is unnecessary to determine it in this case. It is neither charged in the bill nor is there any evidence in the record showing that the court in which the proceedings for the settlement of the estate are pending has ever made an order directing the executrix to pay this legacy. Section 4797 of the Colorado Statute provides:

"Whenever it shall appear that there are sufficient assets to satisfy all legacies and all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator, the specific legacies being first satisfied."

This, of course, refers to the court in which the estate is being administered.

Until that court makes an order for the payment of legacies, the executrix can pay the same only at her own peril. It is true that all claims against the estate must be presented within one year, still it requires a judicial determination that the assets in the hands of the executrix are sufficient to pay all demands of the creditors of her testator and to pay the legacies. The legatee can make no legal demand on the executrix until such an order is made, and there can be no default until a legal demand can be made. As interest on a legacy does not arise from a contract, but can only be awarded as damages, it follows that appellant, in the absence of such order, is entitled to no damages for the failure of the executrix to pay him the legacy. The decree of the circuit court is affirmed.

SANBORN, Circuit Judge (dissenting). I concur in the first proposition in the opinion of the majority, but I think the legatee in this case is entitled to interest from June 26, 1894, one year after the will was probated. My reasons are that the statute of Colorado provides that "creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per cent. per annum for all moneys after they become due, on any bond, bill, promissory note or other instrument in writing," and this will was a written instrument, under which the legacy became due one year after its probate, and that, in the absence of such a statute and of a provision for interest at common law, it is the established rule in chancery to allow it. Bedford v. Coke, 1 Dick. 181; Swinisen v. Scawen, Id. 117; Godfrey v. Watson, 3 Atk. 517; Bisp. Eq. (5th Ed.) § 178; Young v. Godbe, 15 Wall. 562.

It was the duty of the executrix to convert the estate into money as far as it was necessary to discharge the legacy, and to pay it at the end of the year allowed for administration, and as she never did so, and never offered to do so, it does not seem to me to be a valid defense to the legatee's claim for interest that she neglected to obtain an order from the probate court to pay the legacy, and failed to convert the estate into money, so that she could pay it. The record shows that the estate was ample to pay this claim, and an order to pay it would have passed of course upon the application of the executrix. If she kept the legacy back for her own and others' benefit, she and they ought to pay interest during the delay out of the funds of the estate. Nor does the fact that the legatee claimed $20,-000, when only $10,000 was due, seem to me to discharge the executrix from liability for the interest on the amount justly due. She could have stopped the running of the interest by the tender of the payment of $10,000, but as long as she paid nothing, and tendered nothing, interest on the amount actually due under the will should, in my opinion, be allowed to the legatee.