[No. 7905]

## COBB v. STRATTON'S ESTATE.

1. EVIDENCE—*Presumption—Official Action*—Nothing appearing to the contrary it will be presumed that an order of the county court for the payment of a legacy, as required by statute (Rev. Stat. sec. 7234) was made at the earliest possible time.

2. WILL—*Legacy—When Payable—Interest*—Under the statute (Rev. Stat. secs. 7234, 7237) a legacy, though a charge upon the estate of the testator, when the will fixes no definite time of payment, is not payable until an order is made by the county court directing its payment. Until the entry of such order the legatee can make no lawful demand for it, and if interest is allowable it begins to run only from the date of the order. The right of the legatee to interest on a legacy is to be adjudged by the statute and in view thereof the common law rule upon the subject has no application here.*

3. INTEREST—*When Allowed—Legacy*—In the absence of contract interest is recoverable only in the cases enumerated in the statute, or where it may be allowed as damages for the wrong or negligence of the defendant. Under our statutes no provision is made for interest upon a legacy.*

4. STATUTES—*Construed*—The statute providing that creditors shall be allowed interest upon moneys due "on any bond, bill, promissory note,

---

*Syllabus by Bailey, J.

*or other instruments of writing"* (Rev. Stat. § 3162) the phrase quoted must be interpreted to mean "other *like* instruments of writing," i. e. those based on contractual relations, and importing mutuality. A will is not in this category.

*Error to El Paso County Court.*—Hon. JOHN E. LITTLE, Judge.

Mr. ROBERT KERR and Messrs. SMITH & KNOWLTON, for plaintiff in error.

Messrs. CHINN & STRICKLER, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court.

On September 14th, 1902, Winfield S. Stratton died testate at Colorado Springs, El Paso county, Colorado. His will was subsequently admitted to probate, is now on file and of record, and his estate, at the time of the filing of the claim herein under consideration, was in process of administration and settlement, in the county court of that county. By his will, the testator bequeathed to his sister, Virginia Stratton Cobb, plaintiff in error, out of the proceeds of his estate, a general legacy of $50,000. On the 4th of February, 1907, an order was made by the court directing the executors to pay that bequest, which was immediately done.

Thereafter plaintiff filed in the court a claim amounting to $13,550 against the estate, basing her right to recover upon two grounds: First, that at common law the legacy became due and payable one year after the death of the testator, and carried interest at the legal rate from September 4th, 1903, to February 14th, 1907; and, second, that in event such interest is not recoverable, then she is entitled to the increment, increase, profits or earnings on the legacy, measured by the legal rate of interest, during the like period. In connection with the claim there

was filed a petition, setting forth at length the reasons upon which the claim is based. The executors were made parties and cited to show cause why the claim should not be allowed. A demurrer was interposed to the petition, which was in due course sustained, and the claim disallowed. It is to review that judgment that plaintiff brings the cause here on error.

The main question for consideration is whether the legacy bears interest as claimed. There is no disputed fact. The question is purely one of law. To determine it we need only consider certain provisions of the will, the laws of the state relative to the time of payment of legacies, and our statutes and decisions upon the subject of interest.

By the first clause of the will it was directed that the funeral and burial expenses and all just debts and liabilities of the testator be first paid out of his estate. By the second paragraph, a bequest of certain specific personal property was made to a nephew, Carl Stratton Chamberlin. By the third paragraph, all of the rest, residue and remainder of the estate of every nature and description and wherever situate, was given, devised and bequeathed to his executors, in trust, to be used and disposed of by them in the manner provided by the will. The fourth paragraph is as follows:

"I direct that my said executors shall as soon as they conveniently can, and within the period required by law, after my decease, sell and dispose of all the real and personal estate of which I may die seized and which is by this will vested in them in trust, at such prices and upon such terms as to them or to the majority of them shall seem most advantageous, hereby giving and granting unto my said executors or unto the majority of them full power and authority to make, execute and deliver to the purchasers such proper deeds and instruments of convey-

ance, acquittance, relinquishment and transfer as may be necessary to vest in the purchasers full title to the property so sold and disposed of."

The fifth paragraph contained a direct bequest of $50,000 to Earl W. Hamlin, his nephew. The sixth paragraph is as follows:

"I direct my said executors to pay to my sister Mrs. Jennie Stratton Cobb of San Jose, Santa Clara county, California, the full sum of fifty thousand (50,000) dollars out of the proceeds of my estate;"     *     *     *

By the twelfth paragraph, the residue and remainder of the estate left after the payment of all debts and bequests was to be paid over in trust to certain trustees for the benefit of the Myron Stratton Home.

It is obvious that no definite time is fixed by the will itself for the payment of this legacy, and to determine when it was due and payable resort must be had to our statutes on that subject. Section 7234, Revised Statutes 1908, is as follows:

"Whenever it shall appear that there are sufficient assets to satisfy all legacies and all demands against the estate, the court shall order the payment of all legacies mentioned in the will of the testator, the specific legacies being first satisfied."

Section 7237, R. S. 1908, reads:

"Executors and administrators shall not be compelled to pay legatees or distributees until bond and security be given by such legatees or distributees, to refund a due proportion of any debt which may afterward appear against the estate, and the costs attending the recovery thereof; such bond shall be made payable to such executor or administrator and shall be for his indemnity, and filed in the county court."

Section 7257 gives a right of action on account, or a suit in equity, to every legatee against an executor to recover a legacy, provided that before any action shall be commenced for legacies the county court shall make an order directing them to be paid.

Section 7234, *supra,* plainly provides that before any legacy can be lawfully paid it must first be made to appear to the court that the assets of the estate are sufficient to pay all legal demands against it, and until it is so made to appear the court can make no order for the payment of legacies.

In the absence of any showing to the contrary, it must be presumed that the court in this case made the order required by statute at the earliest possible time. By the record, this legacy was not due in the sense that it was payable, under the provisions of our law, until February 4th, 1907, the date upon which the court made the order upon the executors to pay it. It was owing and was a charge against the estate at the death of the testator, but it was not payable then. Until the court made an order directing payment the executors could discharge it only at their peril. A legatee can make no lawful demand upon executors until such order is made, and certainly there can be no default in payment until a legal demand can be made, and if the legatee can make no legal demand until such order is made, even if interest were allowable at all, it would not begin to run until the legacy was ordered paid.

It is contended by counsel that the testator left the plaintiff in error an absolute general pecuniary legacy of $50,000, unconditional and non-contingent; that such legacy vested in her immediately upon the death of the testator; and since no definite date is fixed in the will for the payment of the legacy, it became due and payable, under the common law rule, at the end of one year after

his death.   Cases almost without number, supporting this contention, are cited.   Even if it be admitted that the legacy was unconditional and non-contingent, and that, at common law and in equity, it would have become due and payable at the end of one year after the death of the testator, questions which we do not determine, the conclusion here would not be thereby affected, for the rights of the claimant are to be adjudged by our statutes and by no other rule.   To uphold the contention that the common law is controlling, would overturn and nullify our entire system of probate procedure, regulating the administration and settlement of estates.   We have a complete system of laws governing the transmission and disposition of the property of deceased persons, and the rights of claimants thereto, whether those rights grow out of debts, the laws of descent and distribution or out of wills, which has superseded the common law on the subject.   Under our system a legacy is not due or payable within one year after the testator's death.   Nor does this system require or contemplate the payment of interest to a legatee beginning one year after the death of the testator; on the contrary, a legacy is only due and payable after it has been judicially determined, by the court having the estate in charge, that there are sufficient assets to satisfy all legacies and demands against the estate, and an order for payment has been made.—*Dickey v. Dickey,* 94 Fed. 186, 36 C. C. A. 211.

We come now to a consideration of the question of whether interest should be allowed on the legacy under the common law rule.   Elaborate and exhaustive argument, with citation of numerous authorities, is made to the effect that interest at common law was allowed on legacies; that the common law is in force here upon the question of interest on legacies; and that the legacy under consideration carried annual interest at the legal rate, from one year after the death of the testator until paid.

As an example of intellectual exercise, research and legal attainment, the argument is attractive, instructive and entertaining, but has no application to the issue to which directed. The subject of interest is governed in this state by statute, and in no case where interest is not so provided is it recoverable, unless specially contracted for, except in the nature of damages, where a refusal to pay has been willful, wrongful, fraudulent or without reasonable cause, and no such claim is advanced in this case. Our statute points out in detail, and especially enumerates the cases in which interest is allowable, assuming to cover the whole field, and it is not recoverable in any case not thus expressly enumerated, or included by fair implication. When the legislature assumed to declare in what cases interest could be allowed, under the rule that the expression of the one is the exclusion of another, no interest can be allowed in any case not specified.—*Hawley v. Barker,* 5 Colo. 118; *D. S. P., etc., R. R. Co. v. Conway,* 8 Colo. 1, 5 Pac. 142, 54 Am. Rep. 537; *Corson v. Neatheny,* 9 Colo. 212, 11 Pac. 82; *Pettit v. Thalheimer,* 3 Colo. App. 355, 33 Pac. 277; *Keys v. Morrison,* 3 Colo. App. 441, 34 Pac. 259; *Patten v. American Nat. Bank,* 15 Colo. App. 479, 63 Pac. 424, 53 L. R. A. 693; *El Paso County v. Flanagan,* 21 Colo. App. 467, 122 Pac. 801; *Wells v. Crawford,* 23 Colo. App. 103, 127 Pac. 914. In *D. S. P., etc., R. R. Co. v. Conway, supra,* it is said:

"Interest in this state is a creature of statute and regulated thereby. It is only recoverable, in the absence of contract, in the cases enumerated in the statute, and damages to property arising from the wrong or negligence of a defendant is not one of the enumerated cases."

In *Pettit v. Thalheimer, supra,* the doctrine is stated as follows:

"Ever since the case of *D. S. P. & P. R. Co. v. Conway,* 8 Colo. 1, 5 Pac. 142, 54 Am. Rep. 537, it has been

settled that interest can only be recovered in this state in the cases enumerated in the statute."

In *Hawley v. Barker, supra,* the following is said upon this subject:

"In the case of *Sammis v. Clark et al.;* 13 Ill. 544, substantially the same section was under consideration. Mr. Justice Trumbull says: 'It is a rule in the construction of statutes that the expression of one thing is the exclusion of another, and it may well be insisted when the legislature has enumerated a variety of cases in which creditors shall be allowed to receive interest, that it was not their intention to permit them to demand it in the cases not enumerated. Dwarris on Statutes, 713, *King v. Cunningham,* 5 East. 478; *The Warden of St. Paul v. The Dean,* 4 Price. Interest is not given by the common law for a failure to pay money when it is due, unless the parties have so agreed. * * * ' We accept this construction as the law. If, therefore, the plaintiff can recover interest on his verdict, it must be in virtue of its express or implied enumeration in the section quoted, and to this inquiry the controversy is narrowed."

It is said, in 22 Cyc., at page 1481:

"Interest statutes, being in derogation of the common law, must be strictly construed; and the doctrine of *expressio unius* applies to restrict the operation of statutes regulating interest to the recited instances."

And in the same volume, at page 1475, the following is stated:

"It has frequently been said that interest is of purely statutory origin and not the creature of the common law; and interest has been refused except in such cases as come within the terms of the statute."

We have no concern with the question as to whether interest was allowable at common law, about which there

seems to be serious dispute, for in this jurisdiction the subject of interest is a creature of statute solely, and the common law, whatever it may be upon the subject, has no application. It follows that unless the claim of plain-. tiff in error for interest is provided for by statute, she may have none. Is interest allowable by statute on legacies?

Section 3162, Revised Statutes 1908, reads:

"Creditors shall be allowed to receive interest when there is no agreement as to the rate thereof, at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing, or on any judgment recovered .before any court or magistrate authorized to enter up the same within this state, from the day of entering up said judgment until satisfaction thereof be made; also, on money due on mutual settlement of accounts from the date of such settlement, on money due on account from the date when the same became due, and on money received to the use of another and retained without the owner's knowledge."

Section 3163, R. S. 1908, is as follows:

"The parties to any bond, bill, promissory note, or other instrument of writing, may stipulate therein for the payment of a greater or higher rate of interest than eight per centum per annum, and any such stipulation may be enforced in any court of competent jurisdiction in the state."

According to section 3162, *supra,* interest is allowed only to creditors, where there is no agreement as to the rate thereof, "at the rate of eight per centum per annum, for all moneys after they become due, on any bond, bill, promissory note or other instrument of writing." A legatee under a will is not, therefore, entitled to interest

unless such legatee is within the meaning of the law a
creditor of the estate, or unless the sum due such legatee
is on a "bond, bill, promissory note or other instrument
of writing." Whether plaintiff in error is a creditor of
the estate under the statute, it is unnecessary to deter-
mine, in view of the reasons upon which we base our deci-
sion in this case.

The question is, did the sum owing plaintiff in error
upon her legacy become payable on any bond, bill, prom-
issory note or other instrument of writing under the stat-
utory provisions above quoted? A will is clearly not a
bond, bill or promissory note, and unless it is the "other
instrument of writing" specified the legacy bears no stat-
utory interest. We are of opinion that this statute, prop-
erly construed, means that interest shall be allowed on all
moneys after they become due on any bond, bill, promis-
sory note or other *like* instrument of writing. The enu-
meration of the several instruments upon which interest
is allowable, followed by the phrase "or other instrument
of writing," under the doctrine *ejusdem generis,* limits
the kind of instruments upon which interest is allowable
under this general designation to such as are of the same
general character as those enumerated. The rule *ejusdem
generis,* which means that where an enumeration of spe-
cific things is followed by some more general word or
phrase, such general word or phrase is held to refer to
things of the same kind and character as those specified,
is clearly applicable in construing this statute. Under
this doctrine the "other instrument of writing" is one
based on contractual relations; an instrument importing
mutuality; one which implies an obligation to pay for a
consideration rendered. It needs no argument to show
that a will is not such an instrument; it does not rest
on contractual relations, and has none of the character-
istics of the enumerated instruments.

A construction was given to the words "other instrument of writing," as used in this section, in *Hawley v. Barker, supra,* with which our present conclusion is in harmony. While the court did not there expressly place its construction upon the rule *ejusdem generis,* still we apprehend such to be the effect of its holding. The right to recover interest on the verdict of a jury was claimed in that case, from the time of its rendition, on the ground, among other things, that it was an instrument of writing within the meaning of this section. In discussing this contention the court said:

"To the first proposition it may be replied that the term 'instrument of writing,' as here used, has a definite legal meaning, which excludes a verdict as something essentially different. An instrument of writing implies an agreement or contract which it contains, and of which it is the memorial."

This definition is in effect a declaration that such "other instrument of writing" must be one having the characteristics of a bond, bill or promissory note, and may not be something essentially different.

What we have already said as to the meaning of section 3162, *supra,* is strengthened by a consideration of the succeeding section of the statute, 3163, *supra,* which provides that the "parties to any bond, bill, promissory note, or other instrument of writing, may stipulate therein for the payment of a greater or higher rate of interest than eight per centum per annum." This clearly implies that the "instrument of writing" referred to must be one expressing mutuality of contract. In a bond, bill, promissory note or other like instrument of writing the parties might well enough stipulate for the payment of a higher rate of interest than that fixed by law, but it is inconceivable that such a stipulation could properly find

place in a will. Plaintiff in error was not entitled to the legacy by virtue of any contract relations existing between herself and the testator. On the contrary, she is the object of his bounty. Her legacy is a gift pure and simple. A will does not rest on contract relations, and is therefore not an instrument into which a stipulation between the parties for interest, as contemplated by the statute, could be injected. No argument is necessary to demonstrate the impossibility of such a situation. So that, upon every consideration, those suggested and many others which might be urged with equal plausibility, a will is not the "other instrument of writing" enumerated in the statute.

Since there is nothing in the statute, either express or implied, providing for interest on legacies, none is allowable. The legacy in question was not due, in the sense that it was payable, until February 4th, 1907, the date when ordered paid by the probate court, and could therefore in no event bear interest prior to that time.

No authority whatever, either at common law, by statute or judicial decision, is cited to support the contention that plaintiff in error is entitled to alleged income, profits, increments or earnings on her legacy. The thing bequeathed to her was $50,000, payable out of the proceeds of the estate, and nothing more. As has already been said, this was paid to her the moment it was due and payable under our statutes, that is, when the court had determined that there were sufficient assets to pay all legacies and lawful demands against the estate and had made an order upon the executors for distribution. By the express terms of the will, $50,000 is all that the claimant is entitled to demand or have, which sum she received, so far as this record discloses, as soon as she was entitled to it under the law. She is in no position

upon any theory to demand or receive more. Upon the record there is absolutely nothing before us of equitable cognizance.

The judgment of the probate court, being in conformity with the views here expressed, is affirmed.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice White concur.

Decided December 1st, A. D. 1913. Rehearing denied January 12th, A. D. 1914.